CHILI PLAZA, INC., Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 37700.) — Judgment unanimously modified on the law and facts by striking therefrom the award of consequential damages, in accordance with the Memorandum, and, as modified affirmed, without costs

of these appeals to either party. Certain findings of fact and conclusions of law disapproved and reversed, and new findings and conclusions made. Memorandum: The claimant is owner and operator of a shopping center in the Town of Gates, Monroe County. The State permanently appropriated 3.133 acres along much of the frontage of the shopping center for purposes of highway relocation and development as a controlled access highway. Access to the reconstructed facility was initially permitted in the form of rights of way at four points with the limitation that they be used for "retail store purposes only". The Court of Claims awarded claimant $78,325 for the permanent appropriation and $750 for the appropriation of a temporary easement during the period of construction. Claims for physical damage to parking lots and flooding due to the construction were disallowed as being attributable to acts of the contractor and not of the State. To this point, the judgment is supported by the law and the facts. However, also awarded was $156,384.25 as consequential damages due to the "retail store purposes only" restriction contained in the appropriation map. The restriction was in effect for 4 years of the estimated 35-year life span of the shopping center until removed by the filing of an adjustment map. The adjustment map also granted sewer easements desired by the claimant as well as two additional access rights of way. The consequential damages awarded amounted to 11% of the amount the court below would have awarded had the restriction not been removed. It is unnecessary to determine the existence or source of the authority which the Superintendent of Public Works attempted to utilize in initially applying the restriction in view of our construction of the meaning of the phrase "retail store purposes only". (See, however, *Idylbrook Farms* v. *State of New York*, 22 A D 2d 761.) There are two separate and distinct reasons for concluding that the award of consequential damages cannot be sustained. First, in considering use of the access allowed for "retail store purposes only", we conclude that the words in their common and ordinary sense, and in the sense in which the Superintendent of Public Works must have intended them to be taken, includes use for shopping center purposes. This is true as to the shopping center collectively or as an entity as well as to those individual businesses and activities commonly associated with a shopping center. The fact that claimant and some third parties chose erroneously to construe the restriction in such a way as further to limit use of the property as a shopping center should not impose increased liability upon the State. Second, access not affected by the restriction was available along portions of two of the three abutting highways. Such access, albeit more circuitous and less suitable than that existing before the appropriation, is sufficient under familiar principles to render damages due to the restriction, if it were effective to curtail the present activities of this claimant, *damnum absque injuria* (*Selig* v. *State of New York*, 10 N Y 2d 34, 39; *Northern Lights Center* v. *State of New York*, 20 A D 2d 415, 419–420, affd. without opn. 15 N Y 2d 688). (Appeal and cross appeal from judgment of Court of Claims for claimant on a claim for permanent appropriation of realty and temporary easement.) Present — Williams, P. J., Bastow, Henry, Del Vecchio and Marsh, JJ. [42 Misc 2d 861.]